THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS SCOTT POE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00921-DBB<br><br>District Judge David Barlow |

Plaintiff, self-represented inmate Nicholas Scott Poe, brings this civil-rights action, *see* 42 U.S.C.S. § 1983 (2023), proceeding without prepaying the filing fee, *see* 28 *id.* § 1915. (ECF Nos. 1, 3–4.) Having now screened the Amended Complaint, (ECF No. 12), under its statutory review function, 28 U.S.C.S. § 1915A (2023), the Court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

## AMENDED COMPLAINT'S DEFICIENCIES

Amended Complaint:

**(a)** does not acknowledge the applicability of Eleventh Amendment immunity in naming of defendants State of Utah, Utah Department of Prison Operations, Utah Department of Health and Human Services, "Correctional Healthcare," and Utah Correctional Industries. (See below.)

**(b)** improperly alleges civil-rights violations on a respondeat-superior theory. (See below.)

**(c)** does not adequately state a claim of improper medical treatment. (See below.)

**(d)** appears to lack recognition that medical malpractice and negligence are not federal claims. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding "inadvertent failure to provide adequate medical care" or "medical malpractice does not become a constitutional violation merely because the victim is a prisoner," but instead claim may be alleged properly only by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").

**(e)** does not properly affirmatively link specific civil-rights violations to specific defendants. (See below.)

**(f)** purports to bring a class action, when Plaintiff may not represent a class as a *pro se* litigant. *See McGoldrick v. Werholtz*, 185 F. App'x 741, 744 (10th Cir. 2006) (unpublished) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action." (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (stating class representatives may not appear *pro se*); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding *pro se* prisoners are not adequate representatives for class); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) (stating rule that "class representatives cannot appear *pro se*"))).

**(g)** improperly asserts a claim under HIPAA,[1] which "does not create a private right of action." *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019).

**(h)** improperly asserts a claim under the False Claims Act (FCA). (See below.)

**(i)** improperly asserts a claim under the Federal Tort Claims Act, under which the United States is the only proper defendant. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

**(j)** only vaguely and insufficiently mentions claims involving equal protection; due process; "speedy remedy"; assault; libel; slander; the Fourth, Sixth, Ninth, Fourteenth and Twenty-Fourth Amendments; medical malpractice; "personal injury"; and random references to the Code of Federal Regulations and United States Code sections, when specific defendants must be affirmatively linked to each element of each cause of action to state valid claims upon which relief may be granted.

**(k)** has claims apparently based on current confinement; however, the complaint was possibly not submitted using legal help Plaintiff is constitutionally entitled to by his institution--i.e., the prison contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a

short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain

---

[1] HIPAA refers to the Health Insurance Portability and Accountability Act of 1996. Pub.L. 104-191, Aug. 21, 1996, 110 Stat. 1936.

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). An amended complaint may also not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(v) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(vi) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need

not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### • Eleventh Amendment Immunity

Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983). However, an exception provides "that 'a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'" *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

### • Respondeat superior

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cty. Comm'rs v. Brown*,

5

520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### • Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the

risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847

(1994).  "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence

does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604

(10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of

treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d

803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

("Disagreement with a doctor's particular method of treatment, without more, does not rise to the

level of an Eighth Amendment violation.").

### • Affirmative link

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff
> brings § 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district
> court's analysis of plaintiff's § 1983 claims was "infirm" where
> district court "lump[ed]" together plaintiff's claims against multiple
> defendants—"despite the fact that each of the defendants had
> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790–91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### • False Claims Act

> The FCA "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government." *Payne v. Att'y Gen. of Massachusetts*, No. 12-4062-SAC, 2012 U.S. Dist. LEXIS 91578, 2012 WL 2580183, at *2 (D. Kan. July 3, 2012) (quoting *Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 930 (10th Cir.) (citing S.Rep. No. 99-345, at 1 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5266), *cert. denied*, 546 U.S. 816 (2005)). Plaintiff has not alleged a fraud against the Government. In addition, "plaintiff's claims are subject to dismissal because *pro se* plaintiffs 'cannot maintain a FCA action on behalf of the Government.'" *Id.* (citations omitted); *see also United States ex rel. May v. United States*, 839 Fed. Appx. 214, 2020 WL 7252963, at *2 (10th Cir. 2020) (unpublished) (finding that plaintiff cannot salvage claims by framing them as a *qui tam* action under the FCA because a pro se litigant may not bring a *qui tam* action) (citation omitted). A plaintiff's *pro se* status would warrant dismissal without prejudice of any *qui tam* claims. *Id.* (citation omitted).

*Lowery v. Am. Family Mut. Ins. Co.*, No. 21-3061, 2021 U.S. Dist. LEXIS 46543, at *7 (D. Kan. Mar. 12, 2021).

### PRELIMINARY INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Plaintiff asks for an order to stop all forced medication. (ECF No. 15.)

Plaintiff, however, has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the

> threatened harm outweighs any damage the injunction may cause
> to the party opposing it; and (4) that the injunction, if issued, will
> not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v.*

*Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only

when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court

has carefully reviewed Plaintiff's pleadings and motion for injunctive relief and concludes

Plaintiff's current versions of his arguments do not rise to such an elevated level that an

emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading

standard required in moving for an emergency injunction.

## ORDER

**IT IS HEREBY ORDERED** as follows:

**(1)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted

above by filing a document entitled, "Second Amended Complaint," that does not refer to or

include any other document. (ECF No. 12.)

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form

civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended

complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's

instructions, this action will be dismissed without further notice.

**(4)** Unlike the amended complaint, the second amended complaint shall not include any

claims outside the dates and allegations of transactions and events contained in the Complaint,

filed January 2, 2024, (ECF No. 4). The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

(5) Plaintiff shall not try to serve an amended complaint on any defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(6) Plaintiff's motion for a permanent injunction is **DENIED**. (ECF No. 13.) If Plaintiff wishes to pursue such relief, he must include that request in the "Request for Relief" section of his second amended complaint.

(7) Plaintiff's "Motion for Writ of Extraordinary Relief by Adopting State Rules under DUCivR 83-a" is **DENIED**. (ECF No. 14.) There is (a) no such rule as DUCivR 83-a and (b) a lack of coherence to this request.

(8) Plaintiff's motion for preliminary injunctive relief is **DENIED**.  (*See* ECF No. 15.)

**(9)** Plaintiff's "Motion to Adopt State Rule 65B, Utah State Civil Rule" is **DENIED**. (ECF No. 17.) This type of relief is not available, and the motion includes requests that repeat others already made by Plaintiff.

DATED this 28th day of February, 2024.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court

11